# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

   v.                                     **Case No. 08-CR-32**

**FREDERICK WARE**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Frederick Ware pleaded guilty to distributing crack cocaine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and I set the case for sentencing. The parties agreed that defendant should be held responsible for 4-5 grams of crack, producing a base offense level of 22 under U.S.S.G. § 2D1.1(c)(9), with a 2 level enhancement for firearm possession under § 2D1.1(b)(1). However, the probation office determined that defendant qualified as a career offender, which increased his base level to 32 under U.S.S.G. § 4B1.1(b). After deducting 3 levels for acceptance of responsibility, § 3E1.1, and coupled with criminal history category VI, see § 4B1.1(b), the PSR recommended an imprisonment range of 151-188 months. I found the PSR's calculations correct and adopted them without objection.

Defendant argued that the career offender guideline produced a sentence greater than necessary in his case and asked me to impose a term of 60 months. The government found defendant's suggested sentence insufficient and recommended a term not greater than the low end of the guideline range. Upon consideration of all of the factors set forth in 18 U.S.C. § 3553(a), I found a sentence of 108 months sufficient but not greater than necessary to satisfy the purposes of sentencing. This memorandum sets forth the reasons.

## I. SECTION 3553(a) FACTORS

The sentencing court must consider all of the factors in § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing specified in § 3553(a)(2). The district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, after accurately calculating the advisory range so that it can derive whatever insight the guidelines have to offer, the district court must make an independent determination based on

2

all of the § 3553(a) factors without any "thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007); see also United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007). Although the Sentencing Commission adopted the career offender guideline in response to a directive from Congress, see 28 U.S.C. § 994(h), in the post-Booker era that guideline is no less advisory than any other, see United States v. Harris, 536 F.3d 798, 813 (7th Cir. 2008).

## II. DISCUSSION

### A. Nature of Offense and Character of Defendant

In September 2007, an undercover officer and confidential informant ("CI") made controlled purchases of crack cocaine from defendant. During one of the deals, defendant and the CI discussed trading crack for a firearm, and on October 24, the CI made arrangements to trade a 9 mm handgun for 2 grams of crack. Later that day, the officer completed the trade, giving defendant the gun in exchange for 2.1 grams of crack. Immediately thereafter, officers executed a search warrant and recovered the gun, along with drug paraphernalia and a small amount of marijuana. In a post-arrest statement, defendant said that he had been dealing crack, powder cocaine, marijuana, heroin and ecstasy for about seven months.

The total amount involved in the transactions with the CI was small, a total of 4.3 grams of crack, but if the offense itself was relatively minor, defendant's record was not. At age thirty-four, defendant's record stretched back to his teen years: delivery of crack cocaine in 1993, possession of crack cocaine in 1994, burglary in 1994, marijuana possession in 1997, disorderly conduct in 1998, battery in 2003, possession with intent to deliver marijuana in 2005, drug possession in 2007 and obstructing an officer in 2008. He qualified as a career offender

3

under the guidelines based on his two prior drug delivery convictions, but even without that designation he accumulated more than enough criminal history points to fall in criminal history category VI. Consistent with his record, defendant admitted significant past use of narcotics, including marijuana, cocaine and ecstasy.

There were some positives in defendant's character and background. The mother of two of his children made positive statements about him, indicating that he was a good father. She also stated that defendant's involvement in dealing stemmed primarily from his own drug problem, a statement he echoed during his allocution. Defendant earned his GED after dropping out of high school and compiled a decent work record when not incarcerated. Finally, he had on his own initiative taken drug treatment classes while detained pre-trial in this case.

**B.    Guidelines and Purposes of Sentencing**

The guidelines recommended 151-188 months in this case. As defendant noted in his sentencing argument, that range was based on defendant's classification as a career offender. But for that designation, his base offense level would have been 22 rather than 32, with a range of 77-96 months. As the Sentencing Commission itself has acknowledged, the career offender guideline can sometimes produce sentences greater than necessary to satisfy the purposes of sentencing, particularly where it is based on minor drug offenses that significantly inflate the defendant's criminal history category. See, e.g., United States v. Santoya, 493 F. Supp. 2d 1075, 1079-80 (E.D. Wis. 2007); United States v. Fernandez, 436 F. Supp. 2d 983, 989 (E.D. Wis. 2006) (citing U.S. Sentencing Commission, Fifteen Years of Guideline Sentencing 133-34 (Nov. 2004)).

It was true that in this case the specific career offender predicates were drug offenses, not crimes of violence. It was also true, as defendant noted, that the predicates involved small

4

amounts of narcotics. However, as noted above, defendant fell in category VI even without the career offender designation, and his record contained other entries including burglary, battery and disorderly conduct, crimes that suggested a more aggressive disposition. Defendant noted that he initially received sentences of probation on the two career offender predicates, but in both cases his probation was later revoked and he was sentenced to 3 ½ years imprisonment in the first case and 1 year jail in the second. It was also clear that these lesser sentences had not deterred him. Therefore, this case was not representative of the serious flaws in the career offender guidelines discussed in Fernandez.

Defendant also raised the crack/powder disparity, but that was not an issue here. The guideline range in this case was based on the career offender provision, not § 2D1.1(c), see Harris, 536 F.3d at 813 (holding that a sentence under the career offender guideline raised no Kimbrough problem), and because this case involved less than 5 grams of crack, defendant faced the same statutory maximum and thus the same career offender base offense level as someone who distributed a small amount of powder cocaine.[1] True, defendant's range would have been lower had the career offender guideline not applied (and even lower using the powder rather than the crack level under § 2D1.1(c)), but for the reasons stated above, this was not a case where § 4B1.1 produced a significant overstatement.

For these reasons, I found defendant's suggested sentence, which entirely disregarded the career offender designation, insufficient. However, based on the somewhat mitigated

---

[1] It is within the district court's discretion to consider the effects of the crack/powder disparity in a career offender case. See United States v. Liddell, No. 07-3373, 2008 WL 4149750, at *4-6 (7th Cir. Sept. 10, 2008). However, as explained in the text, defendant's career offender guideline range would have been the same had he dealt powder rather than crack cocaine. Therefore, I declined in this case to exercise my discretion to reduce the sentence based on the crack/powder issue.

5

nature of the particular offense conduct, particularly the low drug weight, I found a sentence somewhat below the guideline range sufficient to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A); see also United States v. Claybrooks, No. 07-CR-123, 2008 WL 4104047, at *4 (E.D. Wis. Sept. 2, 2008) (imposing sentence somewhat below the career offender guideline range based on the modest amount of cocaine involved); United States v. Harris, No. 1:08cr45, 2008 WL 2228526, at *6 (E.D. Va. May 29, 2008) (finding sentence under career offender guideline greater than necessary to reflect the seriousness of the offense and provide just punishment given the specific conduct involved); United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("[I]t is appropriate for a court considering the career offender guideline to analyze whether, under § 3553(a)(1), the guideline produces a sentence 'reasonably related in severity to the level of sentence appropriate for the offense of current conviction.'") (quoting ABA Standards for Criminal Justice – Sentencing § 18-3.5, at 59-60 (3d ed. 1994)). I also considered the positives in defendant's background: his commitment to his children, his decent work record and his efforts to defeat his drug problem.

Under all of the circumstances, I found a sentence of 108 months sufficient but not greater than necessary. This sentence was about three times longer than any previous term defendant had served, so it was sufficient to deter him. See 18 U.S.C. § 3553(a)(2)(B); see also Qualls, 373 F. Supp. 2d at 877 (noting that the court should consider the length of any previous sentences the defendant has served in evaluating the need for specific deterrence). I also found it sufficient to protect the public, balancing the positives in defendant's character with the extent of his record. See 18 U.S.C. § 3553(a)(2)(C). The sentence varied modestly from the guideline range, and because it was supported by the specific facts discussed herein, it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

## III.  CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 108 months.  I recommended that he participate in any drug treatment programs available.  Upon release, I ordered defendant to serve three years of supervision, with a drug aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge