# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**　　　　　　　　　　　　　　　　　　　**Case No. 08-CR-32**

**FREDERICK WARE**
    **Defendant.**

## ORDER

Defendant Frederick Ware pleaded guilty to distributing crack cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and on October 21, 2008, I sentenced him to 108 months in prison. The crime involved 4-5 grams of crack, producing a base offense level of 22 under U.S.S.G. § 2D1.1(c)(9), with a 2 level enhancement for firearm possession under § 2D1.1(b)(1). However, I determined that defendant qualified as a career offender, which increased his base level to 32 under U.S.S.G. § 4B1.1(b). After deducting 3 levels for acceptance of responsibility, § 3E1.1, and coupled with defendant's criminal history category of VI, I adopted an advisory guideline range of 151-188 months. I then imposed a non-guideline sentence under 18 U.S.C. § 3553(a). United States v. Ware, No. 08-CR-32, 2008 WL 4682663 (E.D. Wis. Oct. 21, 2008).

Defendant now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2). The statute provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant relies on guideline Amendment 706, which went into effect on November 1, 2007 and generally reduced the offense level in crack cases by 2. See, e.g., United States v. Biami, 548 F. Supp. 2d 661, 663 (E.D. Wis. 2008). The Commission has designated Amendment 706 for retroactive application. U.S.S.G. § 1B1.10(c). However, the Amendment does not help defendant. First, his range was based on the career offender guideline, not the drug trafficking guideline. See United States v. Forman, 553 F.3d 585, 589 (7th Cir. 2009) ("Amendment 706 provides no benefit to career offenders."). Second, Amendment 706 was already in effect when I sentenced defendant. Thus, there is no occasion to consider its retroactive application. Finally, I note that although the Seventh Circuit held subsequent to defendant's sentencing that district courts may not consider the crack/powder disparity reflected in the career offender guideline, United States v. Welton, 583 F.3d 494, 497 (7th Cir. 2009), that disparity had no effect in this case. As I explained in the original sentencing memorandum, defendant's career offender range would have been the same had the case involved powder cocaine. Ware, 2008 WL 4682663, at *3. And for the reasons stated in that memorandum, even if I now had jurisdiction to revisit defendant's sentence, I would decline to do so. The sentence was necessary to satisfy the purposes of sentencing under § 3553(a).

**THEREFORE, IT IS ORDERED** that defendant's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

2

Case 2:08-cr-00032-LA   Filed 03/10/10   Page 2 of 2   Document 27